HOLBROOKS, administratrix, *et al.* *v.* HOLBROOKS.

GILBERT, J. 1. " Ordinarily, in a suit instituted or defended by a hus-band for or against a deceased person, it is competent for the wife to testify in regard to transactions between the husband and the deceased. Mere personal interest, such as that entertained by a near relative, does not disqualify a witness." *Kitchens* v. *Poole,* 146 *Ga.* 229 (5) (91 S. E. 81). It does not appear that the wife, who was introduced as a witness, had any pecuniary interest in the result of the suit; there-fore she was not an incompetent witness.

2. The death of one of the parties to a litigation does not render the other party entirely incompetent to testify as a witness, " but only in-competent to testify to transactions or communications with the de-ceased. Independent physical facts which do not involve any such com-munication or transaction are not within the rule." *Nugent* v. *Watkins,* 129 *Ga.* 382 (1), 383 (58 S. E. 888). *Chamblee* v.-*Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20). The evidence to which objection was offered in the present case, under the above-stated rule, was properly admitted.

3. The court did not err in overruling the demurrer to the petition.

4. The verdict is supported by evidence, and the court did not err in over-ruling the motion for a new trial.

　　　　　　　*Judgment affirmed. All the Justices concur.*
　　　　　　　　No. 3518. MARCH 15, 1923.

Equitable petition. Before Judge Wright. Floyd superior court. November 15, 1922.

L. P. Holbrooks filed a petition against Mrs. Daisy Holbrooks, administratrix of O. H. Holbrooks, alleging that in the year 1905 petitioner and his son, O. H. Holbrooks, purchased a described tract of land containing 63-1/6 acres; that by the terms of the contract between petitioner and O. H. Holbrooks they were each to have a one-half interest in the land; that immediately after the purchase petitioner and O. H. Holbrooks divided the tract equally into two parts by a line running north and south; that petitioner immediately, on January 1, 1906, went into possession of the south half of the tract, and had since remained in possession as owner; that his possession of the south half of said tract during said time had been open, notorious, and adverse; that O. H. Hol-brooks had·recognized petitioner as the sole and unconditional owner thereof up to the time of his death, about two months prior to the filing of the petition, May 7, 1918; that petitioner paid one half of the original purchase-price of the whole tract, and in addition advanced to O. H. Holbrooks $325 to be paid on his half of the purchase-price, and at the time of his death O. H. Holbrooks owed this amount to petitioner; that petitioner was not

present at the time the deed made in pursuance of the original purchase was taken, and the grantor made the same to O. H. Holbrooks, but O. H. Holbrooks never claimed any of said land except the north half; that he built a house upon this half and lived there until his death, and at all times recognized petitioner's ownership of the south half of the tract; that petitioner was in possession merely as tenant of O. H. Holbrooks of the north half of the original tract of land, and not under any claim of ownership; that Mrs. Daisy Holbrooks, widow of O. H. Holbrooks, had been appointed and qualified as administratrix of the estate of O. H. Holbrooks; that said administratrix is threatening to apply for and take an order to sell the entire 63-1/6 acres as the property of the estate of O. H. Holbrooks; that to permit her to do so would weaken petitioner's claim of title thereto, and would create a cloud upon it that would seriously damage his title, would cause a multiplicity of suits in the shape of objections to the grant of such orders, claims, and other similar proceedings that would require much and needless and useless litigation. The prayers were that Mrs. Daisy Holbrooks and two minor children of O. H. Holbrooks, named, be served with copy of the petition and process; for the appointment of guardian ad litem; that Mrs. Holbrooks, as administratrix, be made a party defendant and that process issue against her; that she, as administratrix and as an individual and as natural guardian of the two minors, be enjoined and restrained from applying for or procuring any order to sell the south half of said tract of land; for a decree establishing the title of petitioner to the south half of said tract, free from any debts or liens or claims against O. H. Holbrooks, and free of all charges of administration upon his estate; and for general relief. The petition was sworn to. The defendants demurred upon the grounds: (1) that there is no equity in the petition; (2) that the petition fails to set forth any specific charges of fraud or deception, and fails to set up any trust or confidence, or betrayal of trust or confidence by O. H. Holbrooks; (3) that the petition shows that any equities attempted to be set up or relied upon are stale by lapse of time. Other grounds of demurrer are abandoned. The demurrer was overruled, and error is assigned upon exceptions taken pendente lite.

Mrs. Holbrooks individually, as administratrix, and as guardian

for the two minors, filed an answer setting up that L. P. Holbrooks had no interest in the lands as heir or purchaser; that his possession was only that of a tenant of O. H. Holbrooks; that he had never paid any part of the purchase-money; that he did attempt to purchase a half interest in the land from O. H. Holbrooks but the same was never consummated; that the deeds conveying the land to O. H. Holbrooks were duly recorded in Floyd County; that on January 30, 1914, O. H. Holbrooks executed and delivered to Mrs. L. U. G. Pressley a deed to the land in dispute, which was duly recorded; that O. H. Holbrooks was in open, notorious, adverse possession of said land under color of title for more than seven years; that plaintiff had notice of the same, and is therefore barred from asserting any adverse title; that plaintiff is barred by laches, for that his right of action accrued more than four years before the bringing of his petition; that said equity is stale, and it would be contrary to good conscience and the rules of equity to set the same up now; and that plaintiff's right of action is barred by the statute of limitations.

Trial of the case resulted in a verdict for the plaintiff. A motion for new trial filed by defendants was overruled, and error is also assigned thereon.

The first ground of the amendment to the motion for new trial complains that the court admitted testimony of Theresa Holbrooks, wife of the plaintiff, to the effect that her son, O. H. Holbrooks, induced L. P. Holbrooks to "go in halves in" buying the place; that they were each to pay one half; that L. P. Holbrooks paid one half of the initial payment of $750; that witness was present when the land was divided; that O. H. Holbrooks ran the line straight east and west, O. H. Holbrooks taking the north side and her husband the south side; that when the third payment fell due upon the land, O. H. Holbrooks obtained from witness money belonging to L. P. Holbrooks with which to pay the full amount due at that time; that the money was not loaned to him; that none of it was ever paid back; that witness kept her husband's money nearly all the time; that O. H. Holbrooks told the witness, upon many occasions, that she should make a deed to L. P.; that he told witness he would make the deed for the half on his next visit to town; that on an occasion during the last illness of O. H. Holbrooks he stated to witness, "the land is tormenting and

aggravating the life out of me, because I told you and Pa I would make a deed for your half of the place, but I had . . a mortgage on it for four hundred dollars, and didn't mean for you to know it. . . I could make you a deed by paying out thirty-five or forty dollars." The witness also testified: " When we moved on that place in 1909 the house on it was an old shell. My husband built two chimneys and porches and some rooms, and covered it. He planted a nice orchard and fixed the barn." The objection was upon the ground, that, the action being one against the personal representative of O. H. Holbrooks, deceased, L. P. Holbrooks or his agent (the witness) was incompetent to testify as to transactions and conversations between L. P. and O. H. Holbrooks, or the agent of L. P. Holbrooks and O. H. Holbrooks.

The only other special ground of the motion for a new trial complains that the court permitted the plaintiff to testify: " I have made lots· of improvements on that place. They had these old dirt chimneys, you know, and I bought brick and built two chimneys, and built a room to the house, and floored it, and ceiled the other room, and I roofed it and ceiled the loft, and put good floors in it. I bought the material and trees to improve that property. I paid for them "— over the objection: " this being a suit by the plaintiff, said L. P. Holbrooks, against the personal representative of O. H. Holbrooks, he was incompetent to testify as to any improvements placed on the place in question, as the lips of said O. H. Holbrooks were sealed by death."

*Harper Hamilton* and *Harris & Harris,* for plaintiffs in error.
*M. B. Eubanks,* contra.