## 21481. ALABAMA POWER COMPANY v. CHANDLER.

CANDLER, Justice. This litigation arose when Alabama Power Company filed a proceeding in rem to condemn and thus acquire a specified interest in certain lands on the Coosa River in Floyd County. The petition named J. H. Chandler as a party defendant to the proceeding. Assessors were duly selected and a majority of them, after hearing the evidence, awarded $48,000 for the interest in the property being thus acquired. The condemnor paid the award into the registry of the Superior Court of Floyd County, and in due time entered an appeal to a jury in that court. On Chandler's application therefor, the full amount of the award was paid to him as owner of the property. On the trial, a jury found the value of the property to be $19,000, and a judgment on the verdict was accordingly rendered. Chandler moved for a new trial on the usual general grounds and later amended his motion by adding several special grounds. His amended motion was denied and he excepted to that judgment and sued out a writ of error to the Court of Appeals. That court held that the trial judge erred in refusing to grant movant a new trial for the reasons alleged in special grounds 9 and 20 of his amended motion. See *Chandler v. Alabama Power Co.*, 104 Ga. App. 521 (122 SE2d 317). The condemnor applied to this court for the writ of certiorari, assigning error in its application on the rulings which the Court of Appeals made adverse to it. Its application for the writ was granted by this court to review those rulings. *Held*:

1. On its review of this case, the Court of Appeals rendered the following decision: "Judgment reversed for the reasons stated in divisions 5 and 14 of the opinion." Division 5 deals with special ground 9 of the motion for new trial which alleges that the trial judge erred in excluding certain testimony given by the owner (J. H. Chandler). Respecting this the record shows that he was asked on direct examination if he would be able to make a profit from the operation of his farm if he were unable to plant the land being condemned in cotton. His answer was: ". . . as to whether, without that cotton land—being able to plant it in cotton, I will be able to make a profit on the operation of that farm, no sir, I don't figure we would make a profit on it. I would lose my farm. . ."

On motion therefor the trial judge excluded Chandler's answer from evidence, and the Court of Appeals held that he erred in doing so. As to this, we think the Court of Appeals was in error. In a proceeding to condemn only a portion of a tract of land the only question to be determined by the jury is the amount which the condemnor should pay as just and adequate compensation for the part taken and consequential damages, if any, to the remaining portion of the tract, as such damages may be offset, but not exceeded, by consequential benefits. *Code Ann.* § 2-301; *Code* § 36-504; *Atlanta Terra Cotta Co. v. Ga. Ry. & Elec. Co.*, 132 Ga. 537 (64 SE 563). Chandler's testimony that, if he were unable to plant the land being condemned in cotton, he did not figure he would be able to make a profit from an operation of the remaining portion of his farm and would therefore lose it is a mere conclusion of the witness, and supplies no facts on which a jury could base a verdict for consequential damages. Accordingly, it was inadmissible for any purpose and its exclusion was therefore proper.

2. Division 14 of the opinion deals with special ground 20 of the motion, which complains about the court's failure to give a requested written charge. In a proceeding to condemn land, it has been held both by this court and the Court of Appeals that it is competent for the purpose of showing the value of the land being taken to introduce evidence of voluntary sales of other similar lands in the same vicinity made at or near the time of the taking and the price paid therefor. See *Flemister v. Central Ga. Power Co.*, 140 Ga. 511 (6) (79 SE 148); and *Housing Authority of City of Calhoun v. Spink*, 91 Ga. App. 72 (85 SE2d 80). That this is the rule which prevails in almost all of the States in this country, see 18 Am. Jur. 994, § 351; 32 C.J.S. 444, § 593, and the authorities which the authors cite for their respective statements. On the trial of the instant case, the condemnor put up two witnesses (H. A. Cliett and M. G. Williamson) for the purpose of proving the value of the property being condemned. Each testified on direct examination that he had for many years engaged in the business of appraising lands for various uses, including that of agriculture, and each testified that he had personally examined the property involved for the purpose of ascertaining its value. Cliett fixed its value at

$13,012.50 and Williamson at $11,050. On cross-examination each was questioned about the sale of other similar farms near the one involved in this proceeding which had been made shortly prior to the taking of this property on March 8, 1960. Cliett testified about the sale of one and the terms thereof and Williamson likewise as to two. The owner timely and in writing requested the court to give a particular charge and, as pointed out in the opinion of the Court of Appeals, all of it was given except the following: "Certain witnesses in this case were questioned as to their knowledge of sales of property similar to that involved in this suit, in the same vicinity, quoted by the owners to real estate men and others. These questions, and answers given by the witnesses in response thereto, should not be taken by you as evidence of the actual market value of any of the property in question, but solely for the purpose of determining how well qualified the particular witness may have been to give his opinion as to the market value of the property in question." The Court of Appeals held that the above-quoted portion of the request should have been given and that the failure of the trial judge to do so required a reversal of the judgment refusing to grant the owner's motion for a new trial. As previously stated in this opinion, evidence of the price actually paid at voluntary sales of similar lands in the same vicinity as those being taken which were made at or near the time of the taking, is admissible for the purpose of showing the value of the property being condemned; and the evidence given by the witnesses Cliett and Williamson could be considered by the jury for the purpose of showing the value of the property being condemned, and the portion of the requested charge which the trial judge declined to give would have been an instruction to the jury that it could consider this part of their testimony only for the purpose of determining how well qualified they were to give an opinion as to the market value of the property in question, is an incorrect statement of an applicable principle of law. This being true, the trial judge did not err in refusing to give the above-quoted portion of the request, and the ruling made by the Court of Appeals respecting it is erroneous. See *Bagwell & Stewart, Inc. v. Bennett*, 214 Ga. 780 (3) (107 SE2d 824), where it was said: "The court did charge on portions of the written request which were applicable, but since the entire

request was not precisely adjusted to the principles involved, the court did not err in refusing to charge in the language of the request or all of it."

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 8, 1962—DECIDED JANUARY 22, 1962.

*Matthews, Maddox, Walton & Smith,* for plaintiff in error.
*James Maddox, E. J. Clower,* contra.