43192. ZAYRE OF GEORGIA, INC. v. RAY.

BELL, Presiding Judge. Alice H. Ray brought suit against Zayre of Georgia, Inc. to recover for personal injuries sustained when she slipped on some hair tonic on the floor of defendant's department store. Defendant took this appeal from the judgment entered on a jury verdict for plaintiff.

1. The court instructed the jury: "The burden of proof is upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that the defendant was guilty of one or more of the acts of negligence alleged in the petition, and that such negligence was the proximate cause of the injury and damage to the plaintiff. . ." This portion of the charge is sufficiently clear in meaning that the plaintiff must prove that de-

defendant committed one or more of the alleged acts of negligence; that the act or acts did in fact constitute negligence; and that such negligence, if it existed must be found to be the proximate cause of the damages. *Ga. Hydratane Gas, Inc. v. White,* 110 Ga. App. 826, 838 (140 SE2d 129). Thus the trial judge charged the substance of defendant's second request, and this was in accordance with the court's advice to counsel as to the proposed action on that request. The court did not err as contended in the first and third enumerations.

2. Plaintiff's testimony, when construed against her, did not preclude a finding in her favor. It was not error to refuse defendant's request to charge that a "party is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him."

3. The court charged: "If she showed by the evidence that some one, or some of said acts were the proximate cause of the injury complained of, and the defendant was negligent therein, the plaintiff would be entitled to recover . . . provided she is not barred from recovery by her own negligence. . ." Assuming, but not deciding, that there was no evidence in support of some of the alleged acts of negligence, this "was not a charge authorizing the jury to make a finding based on grounds of negligence charged in the petition but not supported by the evidence." *Ga. Hydratane Gas, Inc. v. White,* 110 Ga. App. 826, 839, supra. It "was not a charge submitting issues to the jury but merely told the jury what minimum facts with respect to the defendant's negligence the plaintiff would have to prove in order to recover." *Williams v. Vinson,* 104 Ga. App. 886, 891 (123 SE2d 281, 91 ALR2d 889). The fourth, fifth and sixth enumerations are without merit. *Cowart v. Gunn,* 90 Ga. App. 680, 682 (83 SE2d 832); *Hospital Authority of Hall County v. Adams,* 110 Ga. App. 848 (3) (140 SE2d 139); *Big Apple Super Markets v. W. J. Milner & Co.,* 111 Ga. App. 282, 290 (141 SE2d 567).

4. Under the court's charge on comparative negligence, stating that plaintiff could not recover if plaintiff and defendant were equally negligent and authorizing a recovery only if plaintiff's negligence was not as great as that of defendant, it was obvious that if plaintiff's negligence proximately contributing to the injury was greater than defendant's, she could not recover. The seventh enumeration is without merit.

5. Enumerations 8, 9, and 10 contend that the court's charge authorized double damages. The objection voiced at the trial was directed to the charge that the jury could award "such amount as was made necessary by reason of the injuries received on this occasion as to the evidence of damages" plus damages for aggravation of pre-existing infirmity. On review the charge must be considered as a whole and each part in connection with every other part of the charge. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217) and citations; *Bibb Transit Co. v. Early,* 113 Ga. App. 871 (2) (150 SE2d 158). In immediate connection with the charge complained of, the court cautioned the jury "to be careful not to award damages . . . both for the aggravation and then for the injury." From this and other instructions it is clear that in the excerpt complained of the court was referring to that portion of plaintiff's damages attributable to defendant's negligence independently of plaintiff's pre-existing infirmity. While some of the language of the charge appears inapt, it did not authorize double damages.

    *Judgment affirmed. Pannell and Whitman, JJ., concur.*

ARGUED NOVEMBER 8, 1967—DECIDED FEBRUARY 28, 1968—
REHEARING DENIED MARCH 14, 1968.

*Neely, Freeman & Hawkins, Paul M. Hawkins, John V. Skinner, Jr.,* for appellant.

*James O. Goggins,* for appellee.