## 30937. HARRIS v. THE STATE.

INGRAM, Justice.

Charles C. Williams and Gregory A. Harris appeal their convictions, after a joint jury trial in the Superior Court of Fulton County, of two counts of armed robbery and one count of aggravated assault. Each of them received two concurrent 20-year sentences and one concurrent 10-year sentence. The only enumeration of error is that "the verdict and judgment were contrary to the evidence and without evidence to support them and contrary to the law and the principles of justice and equity." We find no merit in this enumeration and therefore affirm.

The evidence shows two men entered the Carpet Bargain Center on Cheshire Bridge Road in Atlanta where they robbed the owner, Mr. Zweig, and robbed and shot a customer. Mr. Zweig was unable to identify either man. The customer positively identified appellant Williams both at a lineup and in court. The other robber stood behind him most of the time while the robbery was in progress. The customer could only indicate the robber was a black man.

Mrs. Adams, an employee at another carpet store located across from the Carpet Bargain Center, testified that two men entered her store at 4 p.m. and made inquiries about carpet. She told them the Carpet Bargain Center had what they were looking for and directed them there. The two men left, crossed the street and started toward the Bargain Center. At 4:19 p.m. Mrs. Adams locked her store and was leaving when she saw the same two men running from the direction of Mr. Zweig's store to a car. She jotted down the license tag number. The police answered the robbery call at 4:22 p.m. Mrs. Adams identified appellant Harris in a lineup and on the stand, but could not identify Williams. The license tag number which Mrs. Adams gave to the police belonged to a stolen car. A few days after the robbery, police stopped the stolen car and both Harris and Williams were in it. Both appellants produced alibi witnesses. In rebuttal, Harris' alibi was impeached by a statement he had given to police officers without the benefit of counsel.

The evidence in this case is legally sufficient to sustain the verdict of the jury. "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury." *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948). The victim's testimony alone identifying appellant Williams as one of the robbers is sufficient to authorize his conviction. See *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859) (1974).

The case against appellant Harris is circumstantial as neither robbery victim could positively identify him. "In order for a conviction to be affirmed in this case, it must appear that the evidence measures up to the rule laid down in Code § 38-109, which reads as follows: 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' " *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125) (1975). While the verdict of guilty was not demanded, "[i]t was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might not, by bare possibility, have been done by another." (Cit.) Id., p. 190. Questions of reasonableness are generally to be decided by a jury and if the jury is authorized by the evidence to find appellant guilty, "the appellate court will not disturb the finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State,* 236 Ga. 242, 245. The evidence here is legally sufficient to support the jury's verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976.

*Jack Dorsey,* for appellants.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney*

*General,* for appellee.