## 30793. GORDON COUNTY BOARD OF TAX ASSESSORS v. ALDON INDUSTRIES et al.

GUNTER, Justice.

We granted Gordon County Board of Tax Assessors' application for a writ of certiorari to review the 5-4 decision of the Court of Appeals that reversed the trial court's judgment, based on a jury verdict, in favor of the Tax Assessors. See *Aldon Industries v. Gordon County Bd. of Tax Assessors,* 136 Ga. App. 598 (222 SE2d 42) (1975).

In *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), we held that Code Ann. § 92-6912 provides an adequate remedy for failure at the county level to obtain uniformity of assessment between individual taxpayers.

Prior to that decision, twenty-eight Gordon County taxpayers, the respondents here, had appealed their 1973

tax assessments to the Gordon County Board of Tax Equalization. The Tax Equalization Board upheld the validity of the assessments and declined to change the valuations fixed by the Tax Assessors. The taxpayers then filed appeals to the superior court, and the basis or ground for each of their appeals was the same: "That the assessment made of the value of the taxpayer's real estate and/or personal property does not represent the just and fair valuation of such property and said assessment reflects valuations as between this taxpayer and other taxpayers that are not fairly and justly equalized. Wherefore, taxpayer demands an appeal as provided in Ga. Code Ann. § 92-6912(6), and that the valuation be changed and corrected."

Under the statute (Code Ann. § 92-6912 (6)), an appeal to the superior court constitutes a de novo action before a jury; and "if the final determination of value by appeal is less than the valuation set by the board of equalization, the taxpayer shall receive a deduction in his taxes for the year in question. If the final determination of value on appeal is greater than the valuation set by the board of equalization, the taxpayer shall be liable for the increase in taxes for the year in question as a result of the increased valuation fixed on appeal." Code Ann. § 92-6912 (6) (D) (2).

All twenty-eight appeals to Superior Court were consolidated into one trial before a jury. The jury returned a verdict against the taxpayers and in favor of the Tax Assessors; the trial judge entered judgment based on the verdict of the jury; the taxpayers filed a motion for a new trial; the trial judge overruled their motion; the taxpayers appealed to the Court of Appeals; the Court of Appeals reversed the judgment of the trial court; and we granted certiorari.

The Court of Appeals, in reversing, said: "From the evidence of the tax assessor, taken as a whole, his conclusion that property in the county was appraised at fair market value is not supported by evidence . . ., and while the members of this jury may have had a general idea from their own experience as property owners that property in the county was properly appraised, there is no evidence in the record of any *data* from which this

conclusion could be drawn." *Aldon Industries, Inc. v. Gordon County Bd. of Tax Assessors,* supra.

As we read this record and transcript, the only issue for determination by the jury in this case was whether the assessments placed upon the properties of these twenty-eight taxpayers reflected valuations that, as between them and other taxpayers of the county, were "fairly and justly equalized."

Indeed, that was the issue submitted by the trial judge to the jury as the following portion of his charge clearly shows:

"It is the duty of the Board of Tax Assessors to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized, so that each taxpayer shall pay as near as may be, only his proportionate share of taxes.

Now, Ladies and Gentlemen, the issue in these cases is whether or not this personal property of the Appellants here, has been taxed at the same fair market value as real estate in this county. If you find from the evidence in this case that real estate in this county has been assessed and taxed at its full, fair market value, then you would stop your deliberations and end the same and these Appellants would have no relief at your hands. However, if from the evidence, you do make a determination that real estate, that is land, has not been taxed at its fair market value, then you would determine by what percentage it may have been taxed as to its fair market value and then you would be required to reduce these Appellants' tax assessments by whatever amount you find that land has not been taxed by its full, fair market value. The undisputed evidence shows that these Appellants have returned their taxes and the Tax Assessor has admitted that all of their returns were returned at 100 percent of fair market value. So you would first have to determine whether or not the land has been assessed and returned — has been assessed and taxed, at its fair market value, and if it has, I say, you stop your deliberations there and go no further, and these Appellants would have no relief at your hands. However, if you do not find that the land, that is real estate, has been taxed at its fair market value, then

you would make a determination as to what percentage it has been taxed as to fair market value, and you would reduce these Appellants' assessments by that ratio. Strictly as an example, or as examples, I will give you several, but certainly not by way of any expression on my part as to what you should do, but I am merely giving these to you as an example. Suppose you find that the real estate has not been assessed at its fair market value, but that you find that it has been assessed at 60 percent of its fair market value, then you would reduce these Appellants' assessment to 60 percent. If you found that real estate was taxed and assessed at 50 percent. [sic] you would reduce the Appellants' personal property to 50 percent. If you found that real estate had been taxed at 70 percent or 80 percent or 90 percent, then you would reduce these Appellants' taxes to 70 or 80 or 90 percent. And I'm using those strictly by way of illustration and not at all by way of suggestion as to what you do. I'm just giving you the yardstick, the rule, the guidelines, by which you may make these determinations.

Now, if you find that real estate, that is land, has been taxed at its fair market value, then you would return a verdict so saying: "We find against the Appellants." If you find that the land has not been taxed at its fair market value, then you would have to go in and make a determination as to what reduction you would make in the Appellants' taxes, and in that event you would be guided by the percentage guidelines, whatever you may find, and you would come in with a verdict so stating."

The appraiser for the Board of Assessors in this case testified at length as to the methods used in arriving at assessments placed on properties in Gordon County. He then testified that in his opinion real estate in the county was assessed at its fair market value. Counsel for the respondents concede here that the county appraiser did so testify, but they argue that the county appraiser was clearly incorrect in so testifying, and that there is no factual basis in the record for the county appraiser's conclusion. Unfortunately for the respondents, this was the issue to be determined by the jury.

Code Ann. § 38-1708 provides: "Where the question under examination, and to be decided by the jury, shall be

one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible."

Code Ann. § 38-1709 provides: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

The county appraiser had been on the job since 1971; he explained the procedures for making real property assessments; approximately two-thirds of the trial consisted of his testimony; and his opinion was that real estate was assessed at its fair market value. The jury did not have to accept the opinion testimony of the county appraiser as being correct, but evidently it did, at least on the issue raised between these twenty-eight complaining taxpayers and the Board of Assessors.

We conclude that the evidence in this case did not demand a finding for either the taxpayers or the Board of Assessors. A genuine fact issue for jury determination was presented, the jury determined that issue in favor of the Board of Assessors, and the Court of Appeals erred in holding that the verdict of the jury was without evidence to support it.

*Judgment reversed. All the Justices concur, except Hall, J., who dissents.*

ARGUED APRIL 12, 1976 — DECIDED SEPTEMBER 9, 1976.

*Chance, Maddox & Jones, R. F. Chance, Howard W. Jones,* for appellant.

*Thomas Pope,* for appellees.

HALL, Justice, dissenting.

I dissent to the grant of certiorari in this case for the reasons stated in the dissenting opinion found in *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (1976).