## 53271. PERTILLA v. FARLEY.

MARSHALL, Judge.

Appellant, Dora Pertilla, plaintiff below in a wrongful death action, brings this appeal from a jury verdict and a judgment in favor of appellee Farley, defendant below.

The facts disclose that Farley and Mrs. Pertilla's son were friends who lived in Atlanta. On the date of the incident fatal to Mrs. Pertilla's son, appellee Farley engaged in a normal day's work. The deceased son, Cavanaugh Pertilla kept custody of Farley's auto to have it serviced preparatory to a visit to Tifton, the family home of both young men. He picked up Farley following work, according to the testimony of Farley, and the two men purchased a pint of whiskey, both consuming portions of it until it was expended. They drove to Tifton, arriving fairly late in the evening. During the night another pint and a half pint of whiskey were purchased. Most of this also was consumed by the two men. On the return trip to Atlanta on the morning following, near Macon, Farley fell asleep at the wheel. A collision resulted causing the ultimate death of Cavanaugh Pertilla. It was stipulated that Farley entered a plea of guilty to drunk

driving as a result of the fatal accident. At the trial Farley admitted a prima facie case of liability and assumed the burden of proving that Pertilla assumed the risk of his own death.

Mrs. Pertilla, as personal representative and appellant, enumerates as error the admission of testimony by Farley as to various activities carried out by Farley and Cavanaugh Pertilla during the evening in question as being violative of the "dead man's" statute, Code § 38-1603 (1); and concomitant to that ruling the denial of a motion for new trial on the general grounds; the denial of directed verdict at the close of Farley's case; undue prominence on the theory of assumed risk in the charge of the court; and failure of the court to charge adequately on impeachment of witnesses and self-serving declarations. *Held:*

1. The only evidence presented by Farley was the testimony of Farley himself. His evidence was substantially as indicated above. It is pertinent to note that at no time did Farley recite any conversations between Pertilla and himself. Basically his testimony was to the effect that he, Farley, by the time of the accident had been without sleep for at least 24 hours; that he, Farley, had consumed a substantial quantity of whiskey in the several hours from about 9 p.m. until the accident near Macon at about 7:30 the following morning, and that Pertilla was in his presence most of this time. Farley's testimony that Pertilla consumed some of the whiskey was a matter within his personal observation. Farley did not attempt to classify Pertilla as drunk but only that Pertilla was in a position to have observed the conduct and condition of Farley.

In pertinent part the provisions of Code § 38-1603 (1) state that where suit shall be instituted by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person as to transactions or communications *with* such deceased person. This statute has been subjected to interpretation on this very point. Thus it has been held that the death of one of the parties to a litigation does not render the other party entirely incompetent to testify as a witness, but only incompetent to testify to

transactions or communications *with* the deceased. Independent physical facts which do not involve any such communications or transactions are not within the rule. *Holbrooks v. Holbrooks,* 155 Ga. 363 (2) (116 SE 786); *Nugent v. Watkins,* 129 Ga. 382 (1) (58 SE 888); *Chamblee v. Pirkle,* 101 Ga. 790, 792 (29 SE 20).

In this case Farley testified only to actions taken by himself in Pertilla's presence and physical actions taken by Pertilla which were observed by Farley. He did not testify to any conversations with Pertilla or to transactions involving the state of mind or actions requiring interpretation or explanation by the deceased Pertilla. His burden in this case was whether Pertilla would or should have been reasonably on notice that Farley was overly tired or intoxicated so as to invoke legally the doctrine of assumed risk. This was a matter for the jury under appropriate instructions. See *Waggoner v. Bevich,* 127 Ga. App. 877, 878 (195 SE2d 246); *Hawkins v. Benton Rapid Express,* 82 Ga. App. 819, 826 (62 SE2d 612). The trial court did not err in allowing this evidence to be presented to the jury. *Waters v. Wells,* 155 Ga. 439 (3) (117 SE 322). It follows that inasmuch as the evidence was admissible, the trial court did not err in refusing to direct a verdict for Mrs. Pertilla at the close of Farley's evidence (*Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556)), nor in refusing to strike the testimony as being in violation of the dead man's statute. *Nugent v. Watkins,* 129 Ga. 382 (1), supra.

2. In her fifth enumeration of error, Mrs. Pertilla complains that the court placed undue prominence in its instruction on the doctrine of assumed risk. She conceded that the trial court did not charge any erroneous principles of law, only that the doctrine was over-emphasized. However, it is at once apparent that the only issue involving liability was the one of assumed risk. The jury was required to make no other finding unless it also found for Mrs. Pertilla. In this case, inasmuch as there were no other contentions either by the plaintiff or the defendant relating to liability, there were no other legal contentions to which the trial court could have resorted. Under these facts there is no merit to the contention that the trial court gave undue prominence to

the one issue remaining for the jury's consideration. *Dargan, Whitington & Conner v. Kitchen,* 138 Ga. App. 414 (2) (226 SE2d 482).

3. In her final enumeration of error, Mrs. Pertilla asserts the trial court erred in failing to charge more fully on the issue of impeachment and self-serving declarations. There is no contention that the court did not charge fully and adequately on the issue of credibility.

Appellant did not request a particularized charge (see *Seaney & Co. v. Katz,* 132 Ga. App. 456 (208 SE2d 333)), nor did she object to the charge as given as required by Code Ann. § 70-207 (a). Thus she has waived her rights and has no standing to complain on appeal. *Durrett v. Farrar,* 130 Ga. App. 298, 306 (203 SE2d 265); *Atlanta & W. P. R. Co. v. Armstrong,* 138 Ga. App. 577, 579 (227 SE2d 71).

4. We further conclude that the trial court did not err in denying the motion for new trial on the general grounds. There was sufficient evidence to support the verdict of the jury. *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1977 — DECIDED MARCH 2, 1977 — REHEARING DENIED MARCH 16, 1977 —

*Horton J. Greene,* for appellant.
*James G. Hampton,* for appellee.