## 65068. JUSTICE v. GEORGIA POWER COMPANY.

McMurray, Presiding Judge.

This is an appeal by the condemnee from a jury verdict awarding him $10,000 for an easement along his property. Condemnee challenges the award on three specific grounds. *Held:*

1. Error is first cited that the trial court erred in holding condemnee did not have the right to opening and concluding arguments even if he decided to present no evidence. He relies on *Canada Dry Bottling Co. v. Campbell,* 112 Ga. App. 56 (143 SE2d 785), and numerous other cases holding that a defendant in a civil case is entitled to opening and concluding arguments to the jury when he has introduced no evidence. However, condemnor argues that this rule has no applicability to condemnation cases, citing *State Hwy. Dept. v. Smith,* 111 Ga. App. 292, 294 (5) (141 SE2d 590), since the burden of proof is always on the condemnor no matter which party appeals to the superior court. Aliter is the result in other types of appeal cases unless there be statutory authority for same. See such cases as *Hall County Bd. of Tax Assessors v. Reed,* 142 Ga. App. 556 (236 SE2d 532); *Stoddard v. Bd. of Tax Assessors of Grady County,* 163 Ga. App. 499 (295 SE2d 170); *Ga. Power Co. v. McCrea,* 46 Ga. App. 279 (2) (167 SE 542); *Ga. Power Co. v. Brooks,* 207 Ga. 406 (4), 411 (62 SE2d 183).

The issue concerning condemnee's alleged right to open and close arose at the conclusion of condemnor's case when condemnee's counsel advised the court that he did not intend to introduce any evidence if the court permitted him to open and close. The pretrial order specifically provided that condemnor had the right to open and close. After lengthy argument on the issue, the court inquired as to whether condemnee had closed his case. Counsel advised the court that he wanted a ruling on the issue prior to closing his case. After repeatedly stating that he did not feel such a ruling would be proper until counsel closed, the trial judge finally "ruled" that condemnee would not be able to open and close even if he presented no evidence. Whereupon condemnee then presented the testimony of three witnesses and introduced documentary evidence. It is true that a defendant who has inherited the right to open and close by introducing no evidence may not be denied that right. *American Cas. Co. v. Seckinger,* 108 Ga. App. 262, 263 (132 SE2d 794). However, "the opening and conclusion are lost if [the defendant proves through the introduction of evidence] . . . any facts that are material to the defence [sic]." *East Tenn., V. & G. R. Co. v. Fleetwood,* 90 Ga. 23, 24 (4) (15 SE 778).

Upon the presentation of evidence after the trial court's

advisory "ruling" prior to the close of his case counsel waived any right here to open and close. This case is distinguished from *Phillips v. Smith,* 76 Ga. App. 705 (47 SE2d 156), in which the defendants closed their case and their counsel started to open the argument before being stopped by the trial court. The trial court then granted defendants' motion to reopen the evidence, and this court held that the defendants did not waive any objection to the court's ruling on argument by reopening their case with leave of court. In the present case, condemnee merely sought an advisory "ruling" from the court prior to the close of his case, and upon receiving the "ruling" proceeded with the presentation of evidence. This enumeration is not meritorious. We do not here pass upon the question of whether or not in a condemnation case, the condemnee, as appellant, may admit a prima facie case (as to value or amount of damage done) and assume the burden of proof for the purpose of obtaining the opening and closing argument. Again we refer to the fact that the burden of proof is always on the condemnor to prove the value or damage done and the condemnee is "privileged to produce evidence that is beneficial [to condemnee] irrespective of the evidence of the [condemnor]." *Ga. Power Co. v. Brooks,* 207 Ga. 406, 411, supra. See also *Venable v. State Hwy. Dept.,* 138 Ga. App. 788, 789 (1) (227 SE2d 509). But here we are not required to face this question and decide it. Further, the burden of proving value and damages never shifts from the condemnor, though a burden of producing evidence may arise on the part of the condemnee "when he asserts the greater value or damage." *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845 (1) (140 SE2d 109).

2. Condemnee's second enumeration of error challenges the trial court's failure to charge the jury on consequential damages. No specific request to charge was made before or during the trial. The trial court did instruct the jury that the burden was on the condemnor to show the value of the property taken and the consequential damages to the remainder of the property. The condemnor offered evidence as to the value of the property taken and testimony that there were no consequential damages to the remaining property. Yet on the cross-examination one of the condemnor's expert witnesses did express an opinion that if a pole were placed directly in front of condemnee's place of business this would be a depreciation of business of "$1,000.00 or so," to relocate the door or to relocate the pole. Other testimony was that the poles or towers could be placed anywhere along the condemned easement. In addition, the con-demnee testified that if the poles or towers were placed in certain position along the easement a certain amount of parking area would be eliminated (ostensibly in front of the building which involves the property taken) and it might be necessary to redesign the area's two

entrances as to the retail meat market, remove certain offices, plumbing and a cement ramp, and based on the cost of making these kinds of changes the witness would estimate it would cost "anywhere from $30,000 up."

During the charge there were no specific instructions to the jury as to condemnee's right to recover for any consequential damages to adjacent property or as to the measure of such damages, the court charging only as to the value of the property taken. At all times after the charge during the period when a suitable opportunity was given to counsel to object to the charge and objection was made with reference to the failure to charge on consequential damages, the court expressed the opinion there was no evidence as to consequential damages, hence no charge was given. "The proper measure of consequential damages to the remainder [property not taken] is the diminution, if any, in the market value of the remainder in its circumstances just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking." *Wright v. MARTA,* 248 Ga. 372, 376 (283 SE2d 466). See also *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601); *Venable v. State Hwy. Dept.,* 138 Ga. App. 788, supra. The record in the present case is devoid of evidence showing the diminution, if any, in the market value of condemnee's land adjacent to the condemned property. The only testimony arguably relating to consequential damages (as shown above) was elicited by counsel for the condemnee from one of the condemnor's expert appraisers and also from the condemnee based on structural remodeling that the condemnee might be forced to accomplish if the utility poles, towers, etc. might at some time be placed in a certain position on the condemned easement. This testimony might have been developed through other expert testimony as to the diminution in the value of the remaining property, but such was not the case here. Same was merely in the realm of speculation as to possible special damages to the building if certain things occurred; and same did not provide any evidence of the diminution in value of the adjacent property, although there was other evidence from which the value of the remaining property might be ascertained. But the diminution thereof was not determined. The trial court did not err in refusing to instruct the jury on the issue of consequential damages.

3. The final enumeration of error challenges the following instruction given to the jury: "In determining what compensation is to be awarded in this case, you must arrive at the same upon the basis that the utility [to] be placed on the easement by the Georgia Power Company, will be maintained and operated in a proper and lawful manner. This is so because any negligent or unlawful maintenance or

operation proximately causing damage would give rise to a new and separate cause of action of which you are not concerned in this case." This instruction is a correct statement "of law applicable to damages in condemnation cases." *Chandler v. Ala. Power Co.,* 104 Ga. App. 521, 530 (13) (122 SE2d 317); revd. on other grounds, *Ala. Power Co. v. Chandler,* 217 Ga. 550 (123 SE2d 767). We conclude that the charge as given, when viewed in the context of the charge as a whole, was not harmful to the condemnee in any manner whatsoever.

*Judgment affirmed. Banke and Sognier, JJ., concur.*

Decided December 2, 1982.

*Lamar Gibson,* for appellant.
*E. Kontz Bennett, Sr.,* for appellee.