45879.   STATE HIGHWAY DEPARTMENT v. REESE.

WHITMAN, Judge. In this condemnation case the only issue before the jury for determination was the value of the land taken and the consequential damages, if any, to the remaining land. The evidence would have authorized a verdict ranging from $2,550 to $13,113. The jury returned a verdict for $15,000 and a judgment was entered thereon.

Following the condemnor's motion for a new trial on the general grounds (later amended to add one special ground), the condemnee filed a "Motion to Strike Excess Verdict," in which he sought to be allowed to voluntarily write off all of the verdict in excess of $13,113. The trial court granted the condemnee's motion to strike and denied the condemnor's motion for new trial as amended.

The condemnor has appealed from the denial of its motion for new trial and has enumerated the same as error. Also enumerated as error is the grant of the condemnee's motion to strike. *Held:*

A value finding in a condemnation case will not be set aside as inadequate or excessive where it is within the range of the evidence. *Freedman v. Housing Authority,* 108 Ga. App. 418 (6) (136 SE2d 544); *City of Jefferson v. Maddox,* 116 Ga. App. 51 (6) (156 SE2d 553). Likewise a value finding below or in excess of that shown by the evidence is not authorized. *State Hwy. Dept. v. Smith,* 120 Ga. App. 529, 532 (171 SE2d 575).

The question presented by the case is whether one who receives a verdict greatly in excess of that authorized by the evidence may save the case from a new trial by writing off an amount from the verdict so as to bring the recovery within the range of the evidence.

"A judgment of the trial court, the effect of which is to refuse the defendant's motion for a new trial, on the condition, complied with by the plaintiff, that a specified sum be written off by the plaintiff from the amount of the verdict against the defendant, will be reversed, on exception of the defendant, where the basis of the judgment, as to the amount to be written off, can not be ascertained from the record, and the evidence is in conflict as to what amount, if any, the plaintiff is entitled to recover." *Lee v. Bagwell*, 14 Ga. App. 699 (82 SE 49); *Central of Ga. R. Co. v. Perkerson*, 112 Ga. 923 (38 SE 365, 53 LRA 210).

The amount to be written off cannot be determined from the record. To make such a determination requires that some figure be picked from within the range of the evidence. It requires another to do what only a jury is authorized to do, i.e., to weigh the evidence, judge the credibility of the witnesses, etc., and then, speaking the truth, find that a verdict for "X" amount should have been rendered.

We think it probable that the error of the jury in assessing the damages arose perhaps from some misconception of the evidence, or else they were overcome with passion or prejudice.

The verdict was not authorized and cannot be amended. The trial judge erred in granting the condemnee's motion to strike the excess in the verdict and judgment. A new trial is required.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*
ARGUED JANUARY 13, 1971—DECIDED MAY 20, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, D. Field Yow, L. Clifford Adams, Deputy Assistant Attorneys General,* for appellant.

*Kenneth E. Goolsby, W. Tom Veazey, E. Purnell Davis,* for appellee.