### 42347. WILLIAMS v. NEWSOME.
(334 SE2d 171)

CLARKE, Justice.

The trial court denied a motion for appointment of a psychiatrist to determine appellant's competency to stand trial and to examine him in connection with his insanity defense. He was examined by a county physician who found him to be markedly mentally retarded and not mentally capable of assisting in his defense and recommended that he be given a complete psychiatric examination. Both the issue of competency and the issue of insanity were presented by lay witnesses. Appellant was found competent to stand trial by a jury following a special plea of insanity. Appellant was convicted of burglary, criminal damage to property, and aggravated assault following

a jury trial at which his sole defense was insanity at the time of the offense. He brought a petition for habeas corpus, asserting that failure to appoint a psychiatrist to examine him was a denial of due process. The habeas court denied the petition, and we granted an appeal, directing that the parties address the applicability of *Ake v. Oklahoma*, 470 U. S. ___ (105 SC 1087, 84 LE2d 53) (1985), to this situation.

Appellant had been found in a Meriwether County farmhouse normally used only on weekends. He had wrecked the interior of the house, breaking everything made of glass, pouring kerosene on the carpets and firing a shotgun through the walls. He was found barefoot in the glass by a caretaker alerted by a burglar alarm. He invited the caretaker to come in and sit down. When first arrested he was uncommunicative and kept asking over and over for his "daddy." Later he told counsel and family members about various delusions and visions of a white ghost. At trial two relatives of appellant testified as to his delusions and his recent troubled behavior.

Appellant contends that this case falls squarely within the holding of *Ake v. Oklahoma*, supra, that ". . . when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one." 105 SC at 1092. The state's counterargument is based on Chief Justice Burger's concurrence in *Ake* in which he said, "Nothing in the court's opinion reaches non-capital cases."

The majority of the Supreme Court of the United States makes no mention of the comment by the Chief Justice and this court is unable to determine whether a majority of that court agrees or disagrees with his restrictive language. We find, however, that it is unnecessary for us to reach any conclusion on this question because of our duty to first review the issue at hand in the light of independent and adequate state grounds.

There is a series of Georgia cases in which the question of the right of an indigent defendant to a psychiatric examination has been reviewed. In *Roach v. State*, 221 Ga. 783 (147 SE2d 299), cert. denied 385 U. S. 935 (1966), the court found no statutory requirement that a trial judge order a mental examination but assumed that ". . . he has power to do so when such an examination is needed to comply with constitutional principles, . . ." Id. at 784. The court went on to hold that the defendant in that case had no such entitlement, noting that he had filed no special plea of insanity and no question respecting his mental condition was raised by evidence in the trial. We later looked back to *Roach v. State*, supra, and held that a trial judge has the inherent right to investigate the sanity of an accused but that the investigation is not mandatory. The question was said to lie within

the sound discretion of the trial judge. *Taylor v. State*, 229 Ga. 536 (192 SE2d 249) (1972). More recently, we looked again at the issue and said, "[t]he granting or denial of a motion for appointment of an expert witness lies within the sound discretion of the trial court and will not be overturned on appeal unless there has been an abuse of discretion." *Dampier v. State*, 245 Ga. 427, 431 (265 SE2d 565), cert. denied 449 U. S. 938 (1980). Again in this case we pointed to the absence of a special or general plea of insanity and concluded the trial court did not abuse its discretion in denying the initial motions for psychiatric evaluation.

In effect, these cases announce a rule in installments. First, the right to a psychiatric examination may rise to constitutional level. *Roach v. State*, supra. Second, the court has inherent power to order an examination but the exercise of the power is discretionary. *Taylor v. State*, supra. Finally, the discretion of the trial judge may be disturbed on appeal if it is abused. *Dampier v. State*, supra. When these holdings are brought together, the resulting rule is that a trial judge has the inherent power to order a psychiatric examination, but the refusal to do so will not be reversed unless it is shown that the want of an examination would infringe upon the defendant's right to a fair trial as guaranteed by the Georgia Constitution. This does not mean that the choice of expert rests with the accused.

The facts and procedural posture of the case before us differ substantially from those earlier cases. Here, there was a special plea of insanity and insanity was the sole defense during the trial. Appellant's behavior, the county physician's recommendation, and appellant's motion for psychiatric examination are circumstances which together demanded that an examination should have been ordered.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 1985.

*James C. Bonner, Jr.*, for appellant.
Harold Reed Williams, *pro se.*
*Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General*, for appellee.