## 42682. EDDY v. THE STATE.
(338 SE2d 262)

HILL, Chief Justice.

The defendant in this case, Marvin Wayne Eddy, was convicted of the murder of the five-year-old son of his girl friend with whom he lived. He received a life sentence and appeals.[1]

The evidence showed that, after consuming about a half of a fifth of tequila and over their mother's objection, the defendant took the victim and his seven-year-old brother, Michael, out of their trailer about 10:30 p.m. on the night of January 27, 1985, for the purpose, he said, of getting some drinking water from a creek more than a mile away, because the pipes in the trailer had frozen and broken. According to Michael, the victim began complaining on the walk and slipping and falling on the ice, and the defendant beat him and picked him up and threw him in the bushes. When Michael tried to intervene, the defendant also hit him.

The defendant testified that both boys were told to sit on a log at the top of the bank while he filled the water jug, but they fell down the rocky bank into the creek, hitting their heads.

---

[1] The victim was injured on January 27, 1985, and died on February 6. The defendant was tried on June 11, 1985, and sentenced on June 13. No motion for new trial was made. His notice of appeal was filed in the trial court on July 12, 1985, and the case was docketed here on September 17, 1985. After briefs were filed the case was submitted for decision without oral argument on November 1, 1985.

The defendant carried the unconscious victim back to the trailer, where he beat the boy's mother and refused to allow her to seek medical help. The next afternoon the younger child was still comatose, and the mother asked a neighbor to take her and the boys to the hospital. Michael received stitches in his head, but the victim was transferred the next day to the intensive care unit of a children's hospital, where he died on February 6, 1985. The cause of death was a subdural hematoma (a massive blood clot on the brain). While his jaw was fractured, his skull was not.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant enumerates as error the denial of his motion for an independent psychiatric evaluation. He argues that such expert help was necessary because the defendant had no prior criminal record, had always had a close relationship with the two boys, and the possibility of temporary insanity needed to be explored.

The standard for the appointment of a psychiatric expert is set out in the recent United States Supreme Court case, *Ake v. Oklahoma*, 470 U. S. ___ (105 SC 1087, 84 LE2d 53) (1985). We have had several occasions to review *Ake* since its decision in February of this year. *Williams v. Newsome*, 254 Ga. 714 (334 SE2d 171) (1985); *Conklin v. State*, 254 Ga. 558, 566 (331 SE2d 532) (1985); *Lindsey v. State*, 254 Ga. 444 (330 SE2d 563) (1985); *Walker v. State*, 254 Ga. 149 (327 SE2d 475) (1985).[2]

In *Ake*, supra, the Court held at the outset (105 SC at 1092): "We hold that when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one." Later the Court reiterated its holding (105 SC at 1097): "We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense."

In the case before us, the defendant failed to make the necessary preliminary showing to the trial judge that the defendant's sanity at

---

[2] The Court of Appeals also applied *Ake* in *Lucas v. State*, 174 Ga. App. 580 (330 SE2d 792) (1985).

the time of the offense was likely to be a significant factor at trial. The defendant's only support for the motion was that the crime, by an adult upon a child residing in the same household, was inexplicable.[3] The defendant offered no evidence that he suffered from or had been treated for mental disorder. The absence of mental disorder was confirmed by the state's psychiatric examination. We find that the fact that the crime was inexplicable, or even illogical, standing alone, does not satisfy the threshold requirement of *Ake*. The trial court did not err in denying the defendant's motion for the appointment of an independent psychiatrist.

3. In his final enumeration of error, the defendant urges that the trial court erred in refusing his motion for a jury view of the scene.

It is clear from the evidence that there was a shallow sandy area and a steeper rocky area where the defendant and the two boys could have approached the water. At trial the defendant said he went down to the creek by the easier route and left the boys sitting on a log at the top of the rocky bank while he went upstream from the shallow area to the foot of the rocky area where the water was deeper in order to fill his jug, and that the boys then fell down the rocky part of the embankment.

Michael testified that the defendant was not carrying a jug for water, that they were beaten and thrown on the rocks and bushes along the path before they reached the creek, and that they then returned to the trailer. The evidence was conflicting as to where the crime occurred. We find no abuse of discretion by the trial court in denying the motion. *Pope v. State*, 150 Ga. 703 (7) (105 SE 296) (1920).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1986.

*Glover & Davis, Michael E. Sumner*, for appellant.

*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General*, for appellee.

---

[3] The district attorney argues that the defendant sought the appointment of a psychiatrist to determine whether his sanity could be made a significant factor at trial.