## 42915. THORNTON v. THE STATE.
### (339 SE2d 240)

WELTNER, Justice.

Nathaniel Thornton was indicted for the murder of Mary Frances Moss. The state obtained involuntarily from Thornton certain dental impressions, so that his teeth might be compared to marks appearing in an autopsy photograph of the victim. *State v. Thornton,* 253 Ga. 524 (322 SE2d 711) (1984).

Thornton filed a pre-trial motion for funds to hire a forensic dental expert of his choosing, alleging that he is indigent. The trial court denied Thornton's motion and we granted his application for interlocutory appeal.

By affidavit, Thornton's counsel asserts that it is his opinion that the dental impression evidence is the one single item of evidence linking Thornton to the murder; and that the experts whom he has consulted might question the reliability of the dental impression evidence. The state does not dispute these contentions, and acknowledges that the scientific evidence is critical to the prosecution of the case.

1. In *Sabel v. State,* 248 Ga. 10 (282 SE2d 61) (1981), we found that critical evidence used to convict Sabel was subject to varying expert opinions, and that the trial court had denied Sabel the right to hire an expert — at his own expense — to examine paint samples which were within the state's control. We held: "A criminal defendant on trial for his liberty is entitled on motion timely made to have an

expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." 248 Ga. at 17, 18. Unlike the defendant in *Sabel*, Thornton does not request permission to hire an expert to examine the state's evidence, but rather the funds with which to obtain defense evidence. We stated in *Williams v. Newsome*, 254 Ga. 714 (334 SE2d 171) (1985), that the entitlement of a criminal defendant to a psychiatric examination when insanity is his only defense does *not* mean the right to an expert of his own choosing. 254 Ga. at 716. Similarly, the rule in *Sabel* must not be construed as to entitle an indigent criminal defendant to choose his own expert at the expense of the public.

2. Thornton's request undoubtedly involves critical evidence,[1] which, in light of its novelty, is likely to be the subject of varying expert opinions. The request was made in a timely pre-trial motion, and Thornton has demonstrated adequately his entitlement to state funds, in a reasonable amount to aid in the preparation of his defense.

3. The trial court shall appoint an appropriate professional, whose experience, at minimum, is substantially equivalent to that of the state's expert witness, to examine the state's evidence on behalf of Thornton.[2] The trial court shall also approve the payment of reasonable compensation for such services, to be provided from public funds.

4. The ruling of this case cannot serve as a basis for wide-ranging demands on behalf of indigent defendants for scientific investigative funds. This case is, assuredly, far from the normal, in that, so far as has been made to appear to us, the evidence we have discussed is the only connecting link between Thornton and the homicide. Further, the record establishes that the possible scientific proof to be offered by the state is highly unusual in nature, as opposed to evidence such as blood samples, ballistics reports, and other routine scientific analyses.

Nor can this holding be converted into a blank check for defense witnesses, as the amount of compensation will be controlled in the sound discretion of the trial judge. Further, it should be noted that all of the safeguards enumerated in Division 6 of *Sabel*, supra, are applicable. 248 Ga. at 18.

*Judgment reversed. Case remanded to the trial court for appropriate disposition. All the Justices concur.*

---

[1] "Scientific evidence is not 'critical' where there is overwhelming evidence of defendant's guilt." 248 Ga. at 18, footnote 3.

[2] In making such an appointment, the court should follow a defendant's preference, if, in its discretion, such appears to be appropriate as to qualifications, availability, cost to the public, and other pertinent factors.

DECIDED FEBRUARY 13, 1986.

*Alan C. Manheim,* for appellant.

*Thomas J. Charron,* District Attorney, *Donald T. Phillips,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, for appellee.