## A92A1002. KENDRIX v. THE STATE.
(426 SE2d 251)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of two counts of burglary, two counts of armed robbery, one count of aggravated sodomy, three counts of kidnapping, one count of kidnapping with bodily injury and one count of rape. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The victim of one of the burglaries was forced at gunpoint from one room of her house to another and was then raped. However, the only evidence of bodily injury to the kidnapped victim was the rape itself. The State concedes that, under these circumstances, appellant's separate conviction for rape is deemed to have merged into his conviction for kidnapping with bodily injury. *Gober v. State*, 203 Ga. App. 5, 8 (8) (416 SE2d 292) (1992). Accordingly, appellant's separate conviction and sentence for rape must be vacated.

2. Ten days before trial, appellant moved for a continuance. The denial of this motion is enumerated as error.

It appears that appellant's counsel had been under the mistaken impression that, at the State's request, DNA testing was to be performed by the State Crime Lab and that the results of such testing would, therefore, be forthcoming pursuant to either appellant's OCGA § 17-7-211 motion, if inculpatory, or his *Brady* motion, if exculpatory. Upon discovering that no such request had been made by the State, appellant did *not* request a continuance so as to have his own *independent* testing done. Appellant's motion sought a continuance "in order to allow *the Georgia Crime Lab* adequate time to prepare a DNA analysis of the samples submitted to it." (Emphasis supplied.) Appellant cites no authority for the proposition that the defendant in a criminal case is entitled to a continuance pending receipt of the results of State Crime Lab testing which has *not been requested by the State.* Appellant had no right to seek, and the trial court had no authority to order, that the State Crime Lab conduct tests *for appellant's benefit.* Pursuant to his OCGA § 17-7-211 and *Brady* motions, appellant certainly had the right to receive a copy of the results of any State Crime Lab DNA test, *if* such a test had been conducted at the State's request. Pursuant to *Sabel v. State,* 248 Ga. 10, 17 (6) (282 SE2d 61) (1981), appellant also had the right to seek *independent* DNA testing. In fact, some 14 days before trial, the trial court had granted appellant's general motion to inspect, examine and test physical evidence. However, the exercise of such a right to independent testing was *not* invoked as the basis for the grant of a continuance to appellant. If appellant had *no* underlying right to have DNA testing performed by the State Crime Lab, it would certainly not be an abuse of discretion to deny the motion to continue the trial pending appellant's receipt of the results of DNA testing performed by the State Crime Lab. See generally *Nettles v. State,* 144 Ga. App. 473 (1) (241 SE2d 589) (1978) (not error to deny continuance due to absence of evidence that defendant otherwise had no right to obtain).

Appellant was indigent and, under that circumstance, he *might* have moved for a continuance in order for independent DNA testing to be performed by his own expert at State expense. However, what appellant *might* have done is immaterial. The trial court was called upon to rule on the motion for continuance that appellant had *actually* made. Appellant's motion for continuance was predicated upon his receipt of DNA test results to be performed by the *State Crime Lab.* It is *this* motion that appellant urges was erroneously denied. However, appellant cites *no* authority for the proposition that he had the right to request the State Crime Lab to conduct the test on his behalf or that the trial court was authorized to order the State Crime Lab to conduct such testing on appellant's behalf. A trial court should be affirmed or reversed on the basis of the ruling that it was *actually* called upon to make, not on the basis of a ruling that an appellant

*might* have invoked. There being no error in the trial court's refusal to grant a continuance based upon appellant's receipt of DNA test results to be performed by the *State Crime Lab,* a reversal is not authorized. The trial court was not asked to grant a continuance in order for *independent* DNA testing to be performed and should not be reversed for failing to have done so.

3. Appellant's conviction and sentence for rape are vacated. Appellant's remaining convictions are affirmed.

*Judgments affirmed in part and vacated in part. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Beasley, Andrews and Johnson, JJ., concur. Pope and Cooper, JJ., dissent.*

Pope, Judge, dissenting.

I concur in Division 1 of the majority opinion and the holding therein that defendant's separate conviction and sentence for rape must, under the facts of this case, be vacated. I respectfully dissent, however, to the affirmance of the trial court's denial of defendant's motion for continuance. The defendant had been granted the right to inspect and test the evidence. Because the defendant was indigent, he was entitled to the necessary expenses of trial and the testing which he had been granted the opportunity to conduct would have to have been conducted at the State's expense. Thus, whether he requested a continuance for the State to conduct the test or a continuance so that the State could pay for him to conduct an independent test, the practical result was the same. I believe the facts of this case show the defendant did all he was required to do to preserve his right to conduct scientific testing and the trial court should have granted the continuance.

As the majority points out, defendant's appointed counsel had been led to believe that DNA testing would be performed by the State. To assure defendant's own opportunity to perform the test, however, defendant's counsel filed a motion to inspect, examine and test physical evidence, which the trial court granted 14 days before trial. According to the undisputed assertions in defendant's motion for continuance, the prosecuting attorney informed the defendant's attorney that a DNA test would be performed; however, at a pre-trial conference three days after the motion to test was granted, both attorneys learned for the first time that no such test had been performed. The attorneys were informed by a representative of the State Crime Lab that a DNA analysis would take a minimum of nine weeks. The following day defendant filed his motion for continuance and the court conducted a hearing on the motion but denied it.

The identity of the perpetrator was the central issue in the prosecution on the charges relating to the burglary and sexual assault of the alleged rape victim. Defendant thus argues that DNA evidence is

critical to his defense of these charges and that the trial court abused its discretion in denying his motion for a continuance so that the test could be performed. A showing of due diligence is required for a continuance in a criminal case. OCGA § 17-8-20. The record shows defendant reserved his right to conduct a timely test of physical evidence by filing a motion which the trial court granted. In addition to filing a motion to test the evidence himself, defendant presented evidence that the State represented to defendant that the State would perform a DNA test. Within three days of obtaining permission from the court to test the evidence himself, defendant discovered the test had not been performed by the State and immediately moved for a continuance so the test could be performed. Thus, pursuant to the facts of this case, we cannot conclude that the defendant failed to show due diligence to support his motion for continuance.

In concluding that the motion for continuance was properly denied, the majority opinion relies on the fact that the motion did not request the opportunity for defendant to conduct an independent test but requested a continuance to permit the State to conduct the test. The analysis of the majority opinion is based upon the general rule that a defendant has no right to have scientific testing performed by the State and thus the majority concludes it was not an abuse of discretion for the trial court to deny the motion for continuance. However, as noted above, in this case the trial court appointed counsel to defendant based on a finding of indigence. As an indigent, defendant is entitled to the necessary expenses of trial. OCGA § 17-12-5. The trial court had already granted defendant the opportunity to test physical evidence. Pursuant to this grant, defendant could have requested funds to hire an independent expert to conduct the test. See *Thornton v. State*, 255 Ga. 434 (339 SE2d 240) (1986). Instead, his motion for continuance indicates he requested the State Crime Lab to perform the test. The practical result is the same, and to deny defendant the opportunity to obtain the test results that he had already been granted the right to obtain simply because his motion for continuance was phrased so as to request the State to *conduct* the test, as opposed to *pay for* it, is hypertechnical.

The State's only argument against this enumeration of error is that reversible error has not been shown by the denial of the motion for continuance because the evidence of defendant's guilt presented at trial was overwhelming. This begs the question, however, of how the incriminating evidence would have been judged by the jury if exculpatory DNA evidence had been presented. Although we agree that the evidence presented was more than sufficient to sustain the conviction, no one can know what the results of the DNA test would have been. Because DNA evidence is arguably conclusive, neither can we predict what the verdict would have been if the DNA evidence had

been exculpatory.

Without evidence in the record to show whether the test result would be inculpatory or exculpatory, it is impossible to determine whether the defendant is entitled to a new trial. If the test were conducted and yielded admissible exculpatory evidence, then the defendant should be entitled to a new trial. Of course, if the test yielded incriminating evidence, defendant would not be entitled to a new trial because sufficient evidence was presented at the trial to sustain the jury's guilty verdict. Consequently, I believe the appropriate solution to the problem presented by this case would be to affirm the judgment of the trial court (with the exception of the sentence for rape, as set forth in Division 1 of the majority) with direction that the defendant be afforded a reasonable opportunity to have the desired scientific examination of the evidence conducted and afforded the opportunity to file a motion for new trial within 30 days of obtaining the report of the result.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED DECEMBER 4, 1992.

*Short, Fowler & Castellow, Lester M. Castellow*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.