S02A0446. CANADA v. THE STATE.
(562 SE2d 508)

CARLEY, Justice.

Joe E. Canada was convicted of malice murder, felony murder, aggravated assault, and possession of a knife during the commission of a crime. Correctly treating the felony murder count as surplusage and the aggravated assault count as having merged into the malice murder count, the trial court sentenced Canada to life imprisonment for malice murder and to a consecutive five-year term for possession of a knife. See *Malcolm v. State*, 263 Ga. 369, 372-374 (4), (5) (434 SE2d 479) (1993). His motion for new trial was denied, and he

appeals.[1]

1. Construed so as to support the verdict, the evidence shows that Canada inappropriately touched the victim's girlfriend. An argument ensued at that time and later in the girlfriend's mobile home. When the victim began walking towards the hallway, Canada ran at him with a steak knife from the kitchen, pushing him into the back bedroom and stabbing him several times. After two and one-half weeks in the hospital, the victim died of complications from the knife wounds. Canada relies primarily on his own testimony that the victim had a knife and was the aggressor. However, there was ample eyewitness testimony to the contrary. Although two of the eyewitnesses were somewhat equivocal, none of them gave testimony similar to that of Canada. " 'Witness credibility is to be determined by the jury, OCGA § 24-9-80, as is the question of self-defense when there is conflicting evidence on the issue. (Cits.)' [Cit.]" *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001). The evidence was sufficient to enable a rational trier of fact to find that Canada did not act in self-defense when he stabbed the victim and that he was guilty beyond a reasonable doubt of malice murder and possession of a knife during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Coleman v. State*, 264 Ga. 253, 254 (1) (443 SE2d 626) (1994).

2. Canada contends that he was denied effective assistance of counsel in three respects. To prevail on this claim, Canada had to "show that his trial counsel's performance was deficient and that, but for the deficient performance, there is a reasonable likelihood that the jury would have returned a different verdict. [Cit.]" *Cammon v. State*, 269 Ga. 470, 472 (4) (500 SE2d 329) (1998). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that Canada's trial attorneys provided effective legal representation, which is bolstered by their testimony at the hearing on the motion for new trial in defense of their own effectiveness. *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999).

Canada complains that his defense counsel failed to introduce evidence of prior acts of violence committed by the victim. However, the admissibility of that evidence was in question, as trial counsel could not locate corroborating witnesses, even though they had the

---

[1] The crimes occurred on February 21, 1998. The grand jury returned the indictment on September 14, 1998. The jury found Canada guilty on January 7, 1999 and, on that same day, the trial court entered the judgments of conviction and sentences. Canada filed a motion for new trial on February 3, 1999 and amended it on September 5, 2000 and August 22, 2001. The trial court denied that motion on October 26, 2001, and Canada filed a notice of appeal on November 21, 2001. The case was docketed in this Court on December 6, 2001 and submitted for decision on January 28, 2002.

assistance of an investigator appointed by the trial court. See *Potter v. State*, 273 Ga. 325, 326 (540 SE2d 184) (2001). Furthermore, defense counsel determined that retention of the final closing argument far outweighed any benefit to be gained from presenting the prior act evidence. Therefore, the strategic decision not to attempt to introduce this evidence was founded on legitimate evidentiary concerns and did not constitute ineffective assistance. *Thompkins v. State*, 272 Ga. 835, 836 (2) (a) (536 SE2d 747) (2000). Moreover, the prior acts evidence, relied on by Canada, was proffered at the hearing on the motion for new trial in only a skeletal way and, even when viewed in the best light, would not have changed the outcome of the case. *Hill v. State*, 272 Ga. 805, 806-807 (2) (537 SE2d 75) (2000).

Another alleged instance of ineffective assistance was the failure to call the defense's medical expert to testify that the cause of the victim's death could have been cardiac arrest resulting from his smoking, against medical advice, while using a nicotine patch. However, trial counsel instead elicited admissions from the State's medical experts on cross-examination that the victim's smoking and the condition of his arteries could possibly have contributed to his sudden death. In light of these circumstances and defense counsel's continuing strategy of retaining the right to give the closing argument to the jury, the decision to avoid a battle of the experts and rely upon cross-examination of the State's experts was not so patently unreasonable that no attorney would have chosen such tactics. *Roberts v. State*, 229 Ga. App. 783, 787 (3) (494 SE2d 689) (1997). See also *Luallen v. State*, 266 Ga. 174, 177 (3) (b) (465 SE2d 672) (1996).

Canada also contends that he was denied effective assistance when trial counsel withdrew their requests to charge on voluntary manslaughter and mutual combat. This withdrawal was based on the concern that the requests to charge were inconsistent with the claim of self-defense and would weaken the presentation of that defense. "Thus, counsel made a tactical decision to present a consistent complete defense to . . . criminal liability, rather than to acknowledge the possibility of guilt of a lesser offense than that charged." *Cammon v. State*, supra at 472-473 (4) (a). Moreover, defense counsel made this decision only after consultation with Canada. See *Lowe v. State*, 264 Ga. 757, 759 (3) (452 SE2d 90) (1994).

Accordingly, the trial court was not clearly erroneous in its finding that Canada received effective assistance of counsel. See *Cammon v. State*, supra at 474 (4).

3. Canada urges that the trial court improperly denied a motion to have the steak knife and especially the victim's pocketknife, found on the floor of the bedroom, tested for traces of Canada's blood. The exact nature of this motion is not clear from the transcript of the hearing thereon. If Canada requested that the State Crime Lab con-

duct the tests on his behalf, the trial court had no authority to make such an order. *Kendrix v. State*, 206 Ga. App. 627, 628 (2) (426 SE2d 251) (1992). It appears, however, that Canada eventually requested independent testing to be performed by his own expert at State expense.

"We will uphold a trial court's ruling on an indigent defendant's request for funds for expert assistance absent an abuse of discretion. . . . [Cits.]" *Morrow v. State*, 272 Ga. 691, 696 (2) (532 SE2d 78) (2000). Canada has not shown how it was vital to his defense to prove that the knife which he admittedly used to stab someone who was resisting him had some of his own blood on it. More importantly, the victim's pocketknife apparently had no blood on it and was found in the closed position and in a dirty and dusty condition. Thus, Canada has failed to establish that additional funds for testing the knives were critical to his defense. See *Morrow v. State*, supra. Furthermore, Canada did not indicate the particular type of scientific testing which he sought or the anticipated costs. *Crawford v. State*, 267 Ga. 881, 883 (2) (485 SE2d 461) (1997). Moreover, the fact that the knives were not tested was presented to the jury through cross-examination of the State's witnesses. Accordingly, we find that the trial court did not abuse its discretion when it denied funds for expert testing of the knives.

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 15, 2002.

*Rodney H. Bennett*, for appellant.

*Herbert E. Franklin, Jr.*, District Attorney, *Chris A. Arnt*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Jill M. Zubler*, Assistant Attorney General, for appellee.