A02A1106. DEPARTMENT OF TRANSPORTATION v. LEWIS et al.
(568 SE2d 849)

ANDREWS, Presiding Judge.

The Georgia Department of Transportation (DOT) condemned land for a road right-of-way pursuant to OCGA § 32-3-1 et seq., and a jury awarded Joshua L. Lewis, Jr. and other named condemnees holding interests in the land $380,000 as compensation for the value of the land taken and consequential damages to the remaining land. The DOT appeals claiming the award should be reversed because it exceeded the highest value and damages placed on the land by the

evidence admitted at trial. We find there was evidence to support the award and affirm.

The DOT argues that the maximum award which could have been supported by the evidence was $329,531. It points out that Lewis testified the land at issue was worth $3,750 per acre, that evidence showed 15.912 acres were taken for the right-of-way, that an expert testified the value of remaining tracts of land split by the taking (6.687 acres and 85.6 acres) was reduced by 80 percent, and that timber on the land taken for the right-of-way was valued at $11,000. As Lewis points out, however, he also testified that comparable land sold at up to $4,000 per acre, and that the land at issue was more desirable than the comparable land. Lewis further testified that the consequential damages to the remaining land was at least an 80 percent reduction in value. In addition to viewing the land, the jury heard testimony that severely restricted access to the remaining land caused by the taking destroyed the highest and best use for the land as a residential subdivision and diminished the value of the timber on the remaining land.

Based on this evidence, the jury could have reasonably decided the land at issue was worth $200 more per acre than the highest comparable sale at $4,000 per acre, and that consequential damages amounted to an 85 percent reduction in value to the remaining land. These figures would have justified an award slightly in excess of $380,000. Although there was evidence of value and consequential damages justifying a lower award, the jury was not bound to accept the lower figures. *Hogan v. Olivera*, 141 Ga. App. 399, 402-403 (233 SE2d 428) (1977); *Dept. of Transp. v. Driggers*, 150 Ga. App. 270-271 (257 SE2d 294) (1979). There was evidence of value and consequential damages along with evidence of the nature of the property and other facts and circumstances which supported the jury's award. *Hogan*, 141 Ga. App. at 403; *Driggers*, 150 Ga. App. at 271-272. Contrary to the DOT's contention, there is no evidence that the jury's award was the result of gross mistake or undue bias.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 16, 2002.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellant.

*Brown & Rountree, Charles H. Brown*, for appellees.