A05A2203. DEPARTMENT OF TRANSPORTATION
v. BRANNAN.
(629 SE2d 481)

PHIPPS, Judge.

The Georgia Department of Transportation (DOT) condemned 4.795 acres of an approximately 46-acre tract of land owned by Sara Brannan for public road purposes pursuant to OCGA § 32-3-1 et seq. A jury awarded Brannan $624,884 as just and adequate compensation. The DOT appeals, contending that the evidence did not authorize this amount. We find that it did and affirm.

"There are two elements of just and adequate compensation for a partial taking of property by condemnation: (1) the market value of the portion actually taken; and (2) the consequential damage, if any, to the remainder."[1] An award in a condemnation case will not be set aside as inadequate or excessive where it is within the range allowed by the evidence.[2]

The DOT argues that the maximum award supported by the evidence was $483,470, the amount at which Brannan's own expert

---

[32] See *Gibson v. State*, 267 Ga. App. 473, 477-479 (4) (600 SE2d 417) (2004); *Clark v. State*, 265 Ga. App. 112, 115-116 (593 SE2d 28) (2003).

[1] *Dept. of Transp. v. Gunnels*, 175 Ga. App. 632 (1) (334 SE2d 197) (1985), rev'd on other grounds, 255 Ga. 495 (340 SE2d 12) (1986).

[2] *State Hwy. Dept. v. Reese*, 123 Ga. App. 799 (182 SE2d 482) (1971).

appraiser arrived. According to that expert, the highest and best use of Brannan's approximately 46-acre tract of land was mixed use. Using the sales comparison approach to value the subject property, Brannan opined that: (a) 1 acre, best used for a convenience store, was valued at $250,000; (b) 7.5 acres, best used for general commercial purposes, was valued at $100,000 per acre; and (c) 37.5 acres, best used for residential purposes, was valued at $15,000 per acre. The expert testified that the land acquired by the DOT consisted of 0.518 acres of residential land and 4.277 acres of general commercial land. He testified that the consequential damages to the remaining land amounted to $48,050. Thus, he calculated compensation at $483,520, the sum of the value of the land acquired ($435,470) and the consequential damages ($48,050).

But as the DOT acknowledges, "[t]estimony as to the value of property is opinion evidence. Opinion testimony does not establish any fact, as a matter of law, therefore a juror should not be bound by opinion testimony of witnesses as to value, even though it is uncontradicted."[3] Indeed, jurors may consider the nature of the property involved, together with any other fact or circumstance properly within the knowledge of the jury that "tends to establish the value of the property."[4] A jury's verdict, however, must be supported by the evidence.[5]

Brannan's expert appraiser testified that nearby tracts of land similar to the acquired 4.277 acres he determined were best used for general commercial purposes had recently sold at $123,567 per acre, $125,037 per acre, and $155,918 per acre. Generally,

> evidence of the price actually paid at voluntary sales of similar lands in the same vicinity as those being taken which were made at or near the time of the taking, is admissible for the purpose of showing the value of the property being condemned; and the evidence given by [Brannan's expert appraiser] could be considered by the jury for the purpose of showing the value of the property being condemned. . . .[6]

Thus, by considering evidence of these comparable sales, the jury could have reasonably decided that the 4.277 parcel alone was worth

---

[3] *Dept. of Transp. v. Driggers*, 150 Ga. App. 270 (257 SE2d 294) (1979) (citations omitted).
[4] Id. at 274.
[5] *State Hwy. Dept. &c. v. Andrus*, 212 Ga. 737, 739 (95 SE2d 781) (1956).
[6] *Ala. Power Co. v. Chandler*, 217 Ga. 550, 552 (2) (123 SE2d 767) (1962).

at least $666,861,[7] which exceeds the jury's verdict even without adding consequential damages.

The DOT next argues that the jury was not authorized to use the comparable sales in determining the value of the acquired land because the court charged, "Those other sales are not to be considered by you as direct evidence of the value of the property condemned but may be considered by the jury to determine the credibility of the witnesses and the weight to be given to the expert's testimony." The DOT relies upon *Clemones v. Ala. Power Co.*[8] In that case, an objection was made that evidence of other sales was inadmissible because they had not been shown to have been freely and voluntarily made.[9] This court found no error in the overruling of this objection, determining that it was not inappropriate for the sales to have been presented to the jury because the sole purpose for the evidence was to state the factual basis of the expert's opinion and because the jury had been instructed to use the evidence solely for the purpose of determining how well qualified the expert witnesses may have been when they gave their opinions as to the market value of the property in question.[10]

But the DOT has failed to show that *Clemones* mandates reversal of this case. Here, the trial court also charged the jury that, under certain conditions, it would be authorized to consider the comparable sales in valuing Brannan's land. The court instructed,

> In determining the fair market value of the condemned real estate, evidence of comparable sale may be considered only if it relates to real estate of comparable size, shape and location as the condemned real estate and only if the comparable sale took place within a reasonable proximity of time to the taking by the condemning authority before or after the date of taking.

Not only did the DOT not except to this charge, but the record shows that the DOT, as well as Brannan, requested it.

The DOT next argues that, despite this instruction, the comparable sales should not have been used to value Brannan's land because the sales lacked proper foundations in that they were not

---

[7] See *Dept. of Transp. v. Lewis*, 256 Ga. App. 571, 572 (568 SE2d 849) (2002); *Driggers*, supra at 272.

[8] 107 Ga. App. 489 (130 SE2d 600) (1963).

[9] Id. at 492 (2).

[10] Id. at 492-493.

shown to be sufficiently similar. But with each such property, Brannan's expert set forth aspects of the land and circumstances surrounding its sale that formed the basis for his determination that the property was comparable. The DOT did not object. Because no objection was made at trial, this issue was waived.[11]

> Counsel may not idly sit by and watch when possible error is presented and on appeal claim error. It is necessary, in order to make the same a basis for appellate review that opposing counsel make proper objection or invoke some ruling of the court. A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal.[12]

Market value "may be established by direct as well as circumstantial evidence. . . ."[13] And the court adequately instructed the jury on principles regarding direct and circumstantial evidence:

> Direct evidence is evidence which immediately points to the question at issue. Indirect, or circumstantial evidence, is evidence which only tends to establish a fact. It must be such as to reasonably establish that fact rather than anything else. The comparative weight of circumstantial and direct evidence on any given issue is a question of fact for you to decide.

Here, the jury was authorized to determine that the comparable sales, even though higher than Brannan's expert's opinion of the market value of the acres, reasonably established the value of that land.

The DOT has shown no applicable rule of law that bound the jurors in this case to surrender their judgment and accept Brannan's expert appraiser's valuation.[14] A jury may fix market value higher or lower than that amount asserted by an expert, provided that its verdict is not so disparate as to justify an inference of gross mistake or undue bias.[15] Because there was evidence that supported the jury's

---

[11] See *Kendrix v. State*, 206 Ga. App. 627, 628-629 (2) (426 SE2d 251) (1992) (trial court should be affirmed or reversed on the basis of the ruling that it was actually called upon to make, not on the basis of a ruling that an appellant might have invoked).

[12] *Crouse v. State*, 271 Ga. App. 820, 823 (2) (611 SE2d 113) (2005) (citation omitted).

[13] *Driggers*, supra at 274.

[14] Id. at 271.

[15] See id. at 273-274.

award, no inference that the jury's award was the result of gross mistake or undue bias is justified.[16]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 24, 2006 —
RECONSIDERATION DENIED APRIL 11, 2006 — 

*Thurbert E. Baker, Attorney General, Ray O. Lerer, Senior Assistant Attorney General, Power & Cooper, Warren R. Power, Michael P. Bain,* for appellant.

*Smith, Welch & Brittain, A. J. Welch, Jr.,* for appellee.

---

[16] See id.; *Lewis,* supra at 571.