## A08A0049. PIRKLE v. THE STATE.
(657 SE2d 560)

BLACKBURN, Presiding Judge.

Following a jury trial, Carl Pirkle appeals his conviction of rape,[1] kidnapping,[2] aggravated stalking,[3] and stalking[4] (two counts), contending that he received ineffective assistance of counsel due to his trial counsel's failure to move to recuse the trial judge, whose brother testified for the State. For the reasons that follow, we affirm.

Construed in favor of the verdict, *Short v. State*,[5] the evidence shows that approximately three months after Pirkle's ex-wife divorced him, Pirkle entered his ex-wife's home without her permission and in violation of a restraining order. As his ex-wife attempted to flee, Pirkle grabbed her and threw her to the floor. Pirkle then dragged her to the bedroom, where he forced her to have sex with him despite his ex-wife's pleas to stop. Afterward, Pirkle took several nonprescription pills and some cough syrup in a failed suicide attempt. Pirkle's ex-wife managed to convince him to let her take him to the hospital, where she reported the rape and underwent a sexual assault exam (after Pirkle fled on foot). Pirkle was arrested later that week, and, from jail, he continued to make unwanted and frightening phone calls to his ex-wife in the ensuing months, despite her repeated requests for him to stop calling her.

Pirkle was charged with rape, kidnapping, aggravated stalking, and two counts of stalking. A jury convicted him on all counts, and he was sentenced to life in prison without parole for rape (based on his recidivist status), with concurrent sentences for the other counts. Pirkle moved for a new trial, asserting ineffective assistance of counsel, and, following a hearing at which Pirkle's trial counsel testified, the trial court denied Pirkle's motion, giving rise to this appeal.

Pirkle contends that he received ineffective assistance from his trial counsel, in that his trial counsel failed to move to recuse the trial judge, whose brother testified for the State. We disagree.

Under *Strickland v. Washington*,[6] to establish ineffective assistance of counsel,

> a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency

---

[1] OCGA § 16-6-1 (a) (1).

[2] OCGA § 16-5-40 (a).

[3] OCGA § 16-5-91 (a).

[4] OCGA § 16-5-90 (a) (2).

[5] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[6] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. Making that showing requires that [the defendant] rebut the strong presumption that his lawyer's conduct falls within the wide range of reasonable professional assistance. We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous.

(Citations and punctuation omitted.) *Kurtz v. State.*[7]

Here, Pirkle contends that his trial counsel's failure to move to recuse the trial judge was deficient performance. During trial, the State called John Fuller, a "good friend" and co-worker of Pirkle's ex-wife. Fuller's testimony was brief (totaling fewer than four pages of trial transcript) and described (i) an occasion when he helped the ex-wife move some furniture into Pirkle's trailer after the divorce, and (ii) the ex-wife's demeanor when he met her at the hospital after the rape.

Although Fuller's relationship to the trial judge was not disclosed to the jury during trial, Pirkle argues that his attorney should have moved to recuse the trial judge, on the ground that his presiding in a trial in which his brother testified was a violation of both OCGA § 15-1-8 (a) (2), which addresses certain relationships between a judge and "any party interested in the result of the case or matter," and the Georgia Code of Judicial Conduct, Canon 3 E (1) (c) (iv), which addresses matters where a family member is a material witness.

Prior to trial, Pirkle and his attorney were aware of the State's intention to call Fuller as a witness and discussed the issue. Pirkle's attorney indicated to Pirkle that she believed that in light of the limited role that Fuller played in the State's case, the trial judge was unlikely to recuse himself. The trial attorney also attempted to "test the waters" before trial by raising the issue with the trial judge's law clerk, who spoke to the judge, who in turn shook his head to indicate that he likely would not recuse himself.

Moreover, during her testimony at the hearing on Pirkle's motion for new trial, the trial attorney explained her strategic reasons for not objecting to Fuller's testimony or formally moving to recuse the trial court. She believed Fuller's testimony was neutral, not benefitting the State or hurting the defense, and that he did not provide any information not already provided by other witnesses. Further, trial counsel was aware that Pirkle had appeared before the other judges on the court on prior domestic charges, and counsel did not deem it to

---

[7] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

be in Pirkle's interest to have another judge try his case. Finally, as her theory of the case was consent to the rape, the trial counsel did not cross-examine Fuller to explore whether he had a romantic relationship with the victim, and counsel instead sought to portray the victim as single and unattached.

In sum, after discussing the issue with Pirkle, for several strategic reasons Pirkle's trial counsel did not move to recuse the trial judge or otherwise challenge the witness. "Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *Abernathy v. State.*[8] See *Canada v. State.*[9] Under the facts of this case, including the strategic considerations of trial counsel and the limited nature of the witness's testimony, the trial court was authorized to find trial counsel's choice here not to be so patently unreasonable that no competent attorney would have so chosen. Because evidence supported the trial court's finding that Pirkle did not carry his burden of showing that his trial counsel's performance was deficient, we affirm.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 31, 2008 ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Summer & Summer, Daniel A. Summer,* for appellant.

*Lee Darragh, District Attorney, Gregory E. Radics, Assistant District Attorney,* for appellee.

---

[8] *Abernathy v. State,* 278 Ga. App. 574, 587 (3) (b) (v) (630 SE2d 421) (2006).

[9] *Canada v. State,* 275 Ga. 131, 133 (2) (562 SE2d 508) (2002).

