A07A2087. HENRY COUNTY v. RJR MANAGEMENT ONE, LLC.

(659 SE2d 676)

PHIPPS, Judge.

Henry County petitioned to condemn 0.194 acres of land owned by RJR Management One, LLC for a public road pursuant to OCGA § 32-3-4. A jury awarded RJR $300,000 as just and adequate compensation. On appeal, Henry County challenges the trial court's admission of four deeds of sale on other properties as direct evidence of the condemned property's value. Finding no error, we affirm.

> Where the value of property is in dispute, evidence of sales of comparable property that is not too remote in point of time generally is admissible using one of the following methods: First, an expert witness, in explaining the basis of his or her opinion as to the value of the property, may refer to other comparable sales of property which the expert took into account and which influenced the expert's opinion. Second, after a suitable foundation has been laid to show the similarity of the property, the fact and amount of sales of such property may be directly introduced in evidence without requiring the testimony of an expert as a prerequisite to admissibility.[1]

Henry County does not dispute that the challenged evidence involved sales of comparable properties. In fact, the county's own expert, Richard Childers, used the four sales in forming an opinion on the value of RJR's property, and the trial court initially admitted the deeds at the county's request to explain the basis of Childers's opinion. Childers discussed his opinion on direct examination and used a chart to explain why the four sales involved properties comparable to RJR's property.

During its cross-examination of Childers, RJR moved the court to admit the four deeds as direct evidence of the condemned property's value. Henry County objected, arguing that RJR had not laid the proper foundation for the deeds' admission as direct evidence. The following exchange ensued:

> [Henry County's Counsel]: [T]he law requires before they be tendered as ... direct evidence the Court must make a bunch of findings on it. The Court has not yet been requested to make those findings.

---

[1] *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902 (2) (517 SE2d 365) (1999), citing *Hollywood Baptist Church &c. v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (4) (150 SE2d 271) (1966).

[RJR's Counsel]: I'm requesting the Court to make those findings. I think that they are comparable. I think that [Childers] said that they are comparable. And I think that they can be tendered as direct evidence of value.

The court then held: "I think there's probably enough based on his going through that chart to rule that *they are similar* and admit them. . . ." (Emphasis supplied.)

Notwithstanding this express language, Henry County contends that the trial court did not make a finding that the comparable properties were similar to the condemned property. Citing *Clemones v. Ala. Power Co.*,[2] Henry County argues that the court's similarity determination needed to be more specific. *Clemones* discussed the requirement that a court make a preliminary determination on the similarity of the properties' locations and the time and circumstances of their sales.[3] While the trial court did not make these specific findings here, in its ruling on similarity it referred to testimony in which Childers discussed the properties' size, topography, access, frontage, zoning, location, and time of sale. We find this sufficient to constitute a finding of similarity.

Henry County contends that Childers's testimony did not support the foundation required for a finding of similarity. We review the trial court's similarity determination for abuse of discretion:

Where value is sought to be proved directly by comparable sales[,] . . . whether such foundation has been properly laid is for the determination of the trial judge who has a wide discretion in the matter, "and unless he has manifestly abused that discretion the appellate courts will not control it."[4]

Henry County argues that the trial court abused its discretion because Childers testified to certain dissimilarities among the properties. But in determining if a suitable foundation has been laid for the admission of other sales as direct evidence of value, "exact similarity is generally not attainable and any dissimilarities in the land or its transfer are matters which go to the weight of the evidence and not to its admissibility."[5]

---

[2] 107 Ga. App. 489 (130 SE2d 600) (1963).

[3] Id. at 492 (2).

[4] *Slenker v. Dept. of Transp.*, 141 Ga. App. 504, 505 (1) (233 SE2d 871) (1977), quoting *Hollywood Baptist Church*, supra (citations and punctuation omitted).

[5] *Mendel*, supra at 902 (2) (citations omitted); compare *State Hwy. Dept. v. Raines*, 129 Ga. App. 123, 126 (199 SE2d 96) (1973) (trial court abused its discretion in finding sufficient

Henry County further contends that the trial court erred because the admission of the sales as direct evidence, combined with a jury charge on direct evidence,[6] supported a jury award higher than the valuation opinions offered by either side. This argument does not address whether the trial court abused its discretion in finding the needed foundation for admitting evidence of the four sales. And in a condemnation case, "[a] jury may fix market value higher or lower than that amount asserted by an expert, provided that its verdict is not so disparate as to justify an inference of gross mistake or undue bias."[7] At trial, Henry County's expert opined that RJR's damages were $68,582 and RJR's expert opined that the damages were $209,633.23. RJR's expert further opined that RJR's damages could be as much as $417,769.10 if the damages calculation used the highest value per square foot of Childers's four comparable sales. The record does not support an inference that the jury's award was the result of gross mistake or undue influence.[8]

We find no abuse of discretion in the court's decision to admit the deeds as direct evidence of value.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 11, 2008.

*Patrick D. Jaugstetter, LaTonya N. Wiley*, for appellant.
*Smith, Welch & Brittain, A. J. Welch, Jr., William A. White*, for appellee.

---

similarity where properties were similar only in that both were used for agriculture, where properties differed significantly concerning location, and where condemnee himself testified that his property's value was significantly lower than other property).

[6] The charge instructed the jury that it could view as direct evidence any sales that had been admitted as direct evidence. Henry County did not object to this charge below and does not raise it as error on appeal.

[7] *Dept. of Transp. v. Brannan*, 278 Ga. App. 717, 720 (629 SE2d 481) (2006) (footnote omitted).

[8] See id. at 721.